UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. 10-40005 |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION ON DEFENDANT'S CHANGE OF PLEA |
| RONALD L. CASEY, | |
| Defendant. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

This matter came before the court for a change of plea hearing on Monday, March 22, 2010. The Defendant, Ronald L. Casey, appeared in person and by his counsel, Assistant Federal Public Defender Bill Delaney, while the United States appeared by its Assistant United States Attorney, Jeff Clapper.

The defendant consented in open court to the change of plea before a United States magistrate judge. This court finds that the defendant's consent was voluntary and upon the advice of counsel. The government also consented to the plea hearing before a magistrate judge.

Defendant has filed a petition to plead guilty to the Indictment which charges him with Failure to Pay Legal Child Support Obligations in violation of 18 U.S.C. § 228(a)(3). At the hearing, the defendant was advised of the nature of the charges to which the defendant would plead guilty and the maximum penalties applicable, specifically: 2 years imprisonment; a $250,000 fine; or both; 1 year supervised release; 1 additional year imprisonment if supervised release is revoked; a $100 special assessment, and restitution.

Upon questioning the defendant personally in open court, it is the finding of the court that the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, and that his plea of guilty to the Indictment is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. The defendant's guilty plea to the Indictment is accepted. It is my report and recommendation that the defendant be adjudged guilty of that offense.

## **NOTICE TO PARTIES**

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated this 22nd day of March, 2010.

BY THE COURT:

s/John E. Simko

John E. Simko
United States Magistrate Judge